```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
STEVEN GUZMAN,

                Petitioner,              OPINION

        -v-                               13 CV 06806 (MGC)


UNITED STATES OF AMERICA,

                Respondent.

----------------------------------X
```

**Cedarbaum, J.**

Petitioner Steven Guzman moves pursuant to 28 U.S.C. § 2255 to correct, vacate, or set aside his conviction for heroin conspiracy under 21 U.S.C. §§ 841, 846. Guzman pled guilty to that crime and was sentenced to 120 months' imprisonment. Guzman argues that his guilty plea should be undone either because he was incompetent at the time of his plea, or because his counsel was ineffective. He gives two reasons why his counsel was ineffective: (1) failure to investigate Guzman's mental health and to request a competency hearing and (2) failure to object to the drug quantity at sentencing. Based largely on Guzman's own statements at his plea proceedings, the motion is denied without a hearing.

BACKGROUND

Guzman pled guilty, pursuant to a plea agreement, to participating in a conspiracy to distribute and possess with

intent to distribute one kilogram or more of heroin in May 2012.

At the beginning of Guzman's guilty plea hearing before me, the following colloquy took place:

| | |
|---|---|
| COURT: | Within the last 48 hours, have you had any substance or drug or medication that might affect the clarity of your mind? |
| DEFENDANT: | No, your Honor. |
| COURT: | Nothing at all, not even an aspirin? |
| DEFENDANT: | Well, I drink medication but -- |
| COURT: | What is the medication that you use? |
| DEFENDANT: | Like ten different steroids. |
| COURT: | Do any of them -- |
| DEFENDANT: | No. |
| COURT: | -- affect the clarity of your mind? |
| DEFENDANT: | No, your Honor. |
| COURT: | Nothing at all? |
| DEFENDANT: | No. |
| COURT: | And is the same true of alcoholic beverages, you have not had any alcoholic beverages? |
| DEFENDANT: | No, your Honor. |
| COURT: | All right.  Is your mind clear this morning? |
| DEFENDANT: | Yes, your Honor. |

In addition, Guzman was asked, "[a]re you satisfied that your lawyer has given good advice in this matter," and he responded, "[y]es, your Honor, very satisfied."  Guzman was also

2

asked if he understood that by the terms of the plea agreement he was giving up his right to appeal or collaterally attack any sentence less than 121 months' imprisonment, to which he answered yes. Guzman then, in the course of a lengthy back-and-forth with the Court, allocuted to the heroin conspiracy charge.

Finally, Guzman's plea agreement stated that "the defendant conspired to distribute and possess with intent to distribute at least 1 kilogram but less than 3 kilograms of heroin." The following colloquy took place at the hearing also regarding the amount of drugs involved in the conspiracy:

> GOVERNMENT: Your Honor, just to get the belt and suspenders, the government would proffer . . . that we would prove beyond a reasonable doubt that the conspiracy which the defendant was involved in involved 1 kilogram or more of heroin during the conspiracy period.
>
> COURT: Why is he subject to a penalty for what the whole conspiracy sold, rather than what he, himself, sold?
>
> GOVERNMENT: Your Honor, because it was -- we can prove it was reasonably foreseeable to him, in light of his interaction with his co-defendants and what the co-defendants were selling as well, that was the amount of heroin.
>
> COURT: That the conspiracy, that the conspiracy he joined was selling.
>
> GOVERNMENT: Exactly, your Honor.
>
> COURT: All right. And I take it that you do not question that, is that correct?

DEFENDANT:       Yes, your Honor.

COURT:           Because you were certainly not the only one selling heroin in the group, isn't that right?

DEFENDANT:       Yes, your Honor.

Guzman was sentenced to the statutory minimum 120 months' imprisonment under § 841(b)(1)(A) in October 2012.

## DISCUSSION

No hearing is necessary to decide this motion.  The record reflects Guzman's competence at his guilty plea hearing.  His waiver of the right to appeal is enforceable.  Even if the merits of his ineffective assistance of counsel claim could be heard, that claim is rejected.

**I. Defendant's Competence At Plea Hearing**

A defendant is competent to plead guilty if he has "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" United States v. Wolfson, 616 F. Supp. 2d 398, 415 (S.D.N.Y. 2008) (quoting United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995)).  With respect to a collateral attack on competence, the Supreme Court has stated that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

4

subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Moreover, "where the district court presided over the proceedings being challenged, it may rely on its own familiarity with the case and deny the motion without a hearing if the court concludes that the claim 'lack[s] . . . any truly meritorious allegation.'" D'Andrea v. United States, 2009 WL 248025, at *4 (D. Conn. Feb. 3, 2009) (quoting United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990)); see also Nichols, 56 F.3d at 411 (reliance on "the court's observation of the defendant's comportment" is proper in making a competency determination); 28 U.S.C. § 2255(b) (no hearing required on habeas petition where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

    Although Guzman presents medical records suggesting that he was prescribed a variety of medications prior to his guilty plea hearing, my observations at the hearing indicate that he was able to consult with a capable lawyer and that he had a rational and factual understanding of the proceedings.  Guzman discussed with me the clarity of his mind at the plea hearing.  Although he initially did not find his treatment important enough to disclose even when specifically asked, Guzman -- upon repeated inquiry -- ultimately identified his medications.  In response

5

to this direct questioning, he stated in open court that none of his medications affected his mind.

Those sworn statements carry a "strong presumption of verity." Blackledge, 431 U.S. at 74. Nothing Guzman said or did during the hearing belied the truth of his representations. He cannot now so easily disavow his testimony. Courts have rejected criminal defendants' similarly belated and self-serving claims of incompetence. E.g., Lear v. Poole, 711 F. Supp. 2d 288, 296 (W.D.N.Y. 2010) (subsequent claim that medication made plea unknowing could not upset sworn plea colloquy); Mirabel de la Cruz v. United States, 2013 WL 1985406, at *3 (D. Conn. May 13, 2013) (subsequent claim of mental retardation could not upset sworn plea colloquy).

Guzman's lengthy description of his crimes further indicated his competence. "Far from rote, one word answers," Guzman's "responses clearly demonstrated his understanding of the proceeding and the voluntariness of his plea." Londono v. United States, 2012 WL 2376456, at *3 (S.D.N.Y. June 21, 2012).

Guzman cites United States v. Howard, 381 F.3d 873 (9th Cir. 2004), in support of his request for an evidentiary hearing on his competence. Although the Ninth Circuit there granted the hearing requested based on a claim that the defendant was under the influence of painkillers at the time of the plea, that case is distinguishable from Guzman's because Guzman was specifically

asked (not once, but rather three times) about his medications' "effect[] on [his] competence." Howard, 381 F.3d at 880-81. Moreover, the Howard court found that the defendant appeared "befuddled" based on the plea hearing transcript. Id. Here, the plea hearing transcript raises no doubt about Guzman's understanding.

These facts also differentiate another case Guzman cites, Sanders v. United States, 373 U.S. 1, 20 (1963). The Supreme Court in Sanders granted the defendant a hearing on his habeas claim of incompetence because he appeared before the district court "without counsel and but briefly." Neither applies to Guzman's situation.

Given his competence, Guzman's waiver of his right to appeal is valid. Waiver of the appeal right is enforceable if the record "clearly demonstrates" that the waiver was knowing and voluntary. United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996). "The knowing and voluntary nature of the waiver can be established by demonstrating that during the plea hearing, the defendant's attention was drawn to the waiver provision in the plea agreement." Rubinstein v. United States, 2011 WL 1362185, at *3 (S.D.N.Y. Apr. 8, 2011). Because Guzman's mind was clear at the plea hearing, and because his attention was drawn to the waiver provision in his plea agreement, the waiver is enforceable. Guzman received a sentence within the range

specified by the plea agreement, and he is therefore precluded from making this motion.

## II. Ineffective Assistance Of Counsel

Even if the merits of Guzman's ineffective assistance argument could be considered, the motion is denied. The Second Circuit has explained that "[t]o advance an ineffective assistance of counsel claim in the context of a plea, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional errors, the result of the proceedings would have been different." United States v. Doe, 537 F.3d 204, 213-14 (2d Cir. 2008) (internal quotation marks omitted).

Guzman first claims that his counsel was ineffective due to her failure to research Guzman's mental health history and a corresponding failure to request a competency hearing. This claim fails because, as discussed, it is evident that Guzman was lucid at his guilty plea hearing. Because Guzman's own statements and actions in open court indicated his clarity of mind, a competency hearing would not have altered the course of his case. Further, the more than adequate efforts of Guzman's attorney regarding investigating his medical records have already been recognized in a prior ruling. See Opinion, Guzman v. United States, No. 10-1058 (S.D.N.Y. June 10, 2013), ECF No. 157.

Guzman also argues ineffective assistance of counsel based on his attorney's failure to object to the drug quantity attributable to him, which triggered the mandatory sentence of 120 months' imprisonment. A defendant is liable for the drugs distributed by his co-conspirators so long as those activities were "reasonably foreseeable by him." <u>United States v. Jackson</u>, 335 F.3d 170, 181 (2d Cir. 2003). Although Guzman argues now that he "never admitted to 1 kilogram of heroin," it is evident that he did concede as much in both his plea agreement and plea hearing. In his plea agreement, he stipulated to conspiring to distribute at least one kilogram of heroin. At his plea hearing, he affirmed that it was reasonably foreseeable that his co-conspirators were selling more than one kilogram of heroin. None of the cases Guzman cites involve situations where the defendant himself admitted to the drug quantity in question. Because Guzman had "already stipulated to the drug quantity," his attorney "had no duty to object." <u>United States v. Ballesteros</u>, 2007 WL 778051, at *5 (S.D.N.Y. Mar. 16, 2007).

9

**CONCLUSION**

The record conclusively shows that Guzman was competent to plead guilty, and to waive his right to appeal. No hearing is necessary. Even if he had not waived his appeal right, his ineffective assistance claim fails. Motion denied.

SO ORDERED.

Dated:   New York, New York
         March 12, 2015

                                S/_____
                                   MIRIAM GOLDMAN CEDARBAUM
                                   United States District Judge